IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

| | |
|---|---|
| DAVID LYNN JONES, Individually, and d/b/a SKUNK DEVILLE MUSIC., | * * * |
| Plaintiff, | * * |
| vs. | * No. 1:12CV00052-SWW * |
| WEST PLAINS BANK AND TRUST COMPANY and ROGER THOMPSON, | * * * |
| Defendants. | * |

**Memorandum Opinion and Order**

Before the Court is a motion to dismiss filed by separate defendant West Plains Bank and Trust ("the Bank"). Plaintiff responded to the motion and the Bank filed a reply to plaintiff's response. For the reasons stated below, the motion is denied.

**Background**

Plaintiff David Lynn Jones is a country and western recording artist and songwriter who lives in Hardy, Arkansas. He also does business as Skunk Deville Music. According to the allegations of the complaint, Jones owned original sound recording masters contained on fifteen reels of recording tape ("the Masters") that were being mixed by Robert "Bobby" Roberts in West Plains, Missouri. Mr. Roberts was mixing the recordings from the Masters using recording equipment also owned by Jones. The Masters and recording equipment were in the possession of Roberts in West Plains. When Roberts defaulted on a loan he had with the Bank, the Bank seized possession of the West Plains property on or about September 12, 2011. Separate defendant Roger Thompson, an

Arkansas resident, purchased the tapes and recording equipment at a personal property sale in West Plains, and Jones believes Thompson took the property back to Arkansas.

Plaintiff Jones says Roberts immediately notified the Bank that the recording equipment and the Masters did not belong to him and were the property of Jones. On September 26, 2011, Jones notified the Bank in writing that he owned the property and demanded its return to him. The Masters contain the original sound recordings for five albums, all subject to copyright interests of Jones. The Bank refused to return the property to Jones. On June 12, 2012, Jones sued the Bank and Thompson, alleging copyright infringement, conversion and destruction of property. The Bank filed a motion to dismiss on July 19, 2012.

## Discussion

The Bank moves the Court to dismiss the claims against it based on lack of personal jurisdiction, failure to state a claim of copyright infringement, and failure to join a necessary party.

1. Personal Jurisdiction

In order to defeat a motion to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, a plaintiff need only make a *prima facie* showing of jurisdiction. *Dakota Indus. v. Dakota Sportswear*, 946 F.2d 1384, 1387 (8th Cir. 1991). A complaint should not be dismissed for lack of personal jurisdiction before trial where there exists a genuine issue of material fact as to jurisdiction. *Radaszewski v. Telecom Corp.*, 981 F.2d 305, 310 (8th Cir. 1992). Jurisdiction need not be proved by a preponderance of the evidence until trial. *Dakota*, 946 F.2d at 1387. In determining whether personal jurisdiction exists, a court first examines whether the exercise of jurisdiction is proper under the forum state's long arm statute. *Id.* If proper

under the long arm statute, the court then examines whether the exercise of personal jurisdiction comports with due process. *Id.*

Arkansas' long arm statute provides: "The courts of this state shall have personal jurisdiction of all persons, and all causes of action or claims of relief, to the maximum extent permitted by the due process of law clause of the Fourteenth Amendment of the United States Constitution." Ark. Code Ann. § 16-4-101(b). Therefore, this Court must examine whether the exercise of personal jurisdiction over a defendant comports with due process. In the Eighth Circuit, this involves consideration of five factors: "(1) the nature and quality of the contacts with the forum state; (2) the quantity of the contacts with the forum state; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) the convenience of the parties." *Dakota*, 946 F.2d at 1390. "Of these factors, the first three are the most important." *Id.*

"The minimum contacts necessary for due process may be the basis for either 'general' or 'specific' jurisdiction. A court obtains general jurisdiction 'against a defendant who has 'continuous and systematic' contacts with the forum state, even if the injuries at issue in the lawsuit did not arise out of the defendant's activities directed at the forum.' Specific jurisdiction over a defendant is exercised when a state asserts personal jurisdiction over a nonresident defendant that 'has purposefully directed [its] activities at [Missouri] residents' in a suit that 'arises out of' or 'relates to' these activities.'" *Johnson v. Arden*, 614 F.3d 785, 794 (8th Cir. 2010).

The Bank argues the Court does not have specific personal jurisdiction because plaintiff's claims of copyright infringement and conversion of property concern actions that took place in Missouri and are unrelated to any of the Bank's contacts or actions within Arkansas. The Bank

further asserts it does not have continuous and substantial contacts within Arkansas to establish general jurisdiction.

By way of affidavit, Jones contends the Bank has customers who reside in Arkansas and the Banks lends money to Arkansas residents for the purchase of real property located in Arkansas. Plaintiff's affiant, C. Dwayne Plumlee, states there are numerous mortgages and real estate deeds of trust naming the Bank as the lender and secured party in the real estate records of Fulton County, Arkansas.[1]  Mr. Plumlee sets forth four such examples.[2]  Plaintiff also argues that the claims in this case are related to the same business the Bank conducts in Arkansas.  The Bank attacks Plumlee's affidavit by submitting the affidavit of its president, David Gohn, who states that two of the four loans referenced by Plumlee were sold on the secondary market and the Bank merely acted as a conduit and now merely services the loans.  Mr. Gohn says that each borrower referenced by Plumlee personally came to the Bank in West Plains, Missouri, to execute the loan documents and close the loans obtained from the Bank.  The Bank says it made many more loans to residents of Missouri during the same time period of the four Arkansas loans, and there is no way it could anticipate being subject to the general jurisdiction of the Arkansas courts over two loans to Arkansas residents

The Court finds the evidence reflects the Bank was lending money to residents in the State of Arkansas and owns mortgages or security interests on land within the State of Arkansas.  While the Bank states is has never loaned money to or had any business relationship with Jones, it does not deny that it loans money to Arkansas residents.  Although the Bank acknowledges only two loans

---

[1] Fulton County, Arkansas, is on the Missouri border, and West Plains, Missouri, is approximately 20 miles north of Fulton County.

[2] Pl's. Resp. to Mot. to Dismiss, Ex. 1 (Decl. Of C. Dwayne Plumlee) (Doc. 9-1).

4

during the time period set forth in the four examples, Plumlee says there are numerous mortgages and real estate deeds showing the Bank as the lender and secured party. The cause of action involves the Bank's operations, the property in question allegedly was owned by an Arkansas resident, was sold by the Bank to an Arkansas resident, and the property was moved back to Arkansas. Arkansas has a strong interest in providing a forum for its residents, and two of the three parties reside in Arkansas. The Bank is located near the Arkansas border. Considering the factors set forth by the Eighth Circuit, the Court finds it is reasonable to require the Bank to defend a lawsuit in Arkansas. The Court finds plaintiff has made a *prima facie* showing of personal jurisdiction.

2. Failure to State a Claim

Pursuant to Fed.R.Civ.P. 12(b)(6), the Bank moves the Court to dismiss plaintiff's claim of copyright infringement. The Bank argues that in order to state a claim of copyright infringement, a plaintiff must establish ownership of a copyright and copying of the copyrighted material. *Warner Bros. Entertainment, Inc. v. X One X Productions*, 644 F.3d 584, 595 (8th Cir. 2011). The Bank asserts Jones makes no allegation that there was an actual copying of the Masters; Jones merely alleges that the Bank sold copyrighted material.

In response, Jones asserts illegal copying is not required in order to establish copyright infringement. Plaintiff argues that, pursuant to 17 U.S.C. § 106, the owner of a copyright has the exclusive rights to "distribute copies or phonorecords of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending." Plaintiff alleges the Bank illegally sold the Masters, copyrighted material, to separate defendant Thompson. The Bank says it was not advised of any claim to the disputed property until after the date of the sale.

The Court finds plaintiff's allegations are sufficient to state a plausible claim for copyright infringement. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (factual allegations in a complaint, which are assumed to be true, must suffice to state a claim for relief that is plausible on its face).

3. Failure to Join

The Bank moves the Court to dismiss plaintiff's claim of conversion on the basis that Jones failed to name Roberts, who was in possession of the disputed property when it was seized by the Bank as collateral for the defaulted loan. Rule 12(b)(7) of the Federal Rules of Civil Procedure provides that a court may dismiss an action where a plaintiff fails to join a party under Rule 19. Federal Rule of Civil Procedure 19(a)(1) provides:

> **(a) Persons Required to Be Joined if Feasible.**
> **(1) *Required Party*.** A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>>> (I) as a practical matter impair or impede the person's ability to protect the interest; or
>>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

The party asserting the defense of failure to join assumes the burden of proving the absent party is necessary for a just adjudication. 7 Charles Alan Wright, Arthur R. Miller and Mary Kay Kane, *Federal Practice and Procedure* § 1609 (3rd ed. 2001). "If the person is not necessary, then the case must go forward without him and there is no need to make [further] inquiry." *Gwartz v. Jefferson Memorial Hosp. Ass'n*, 23 F.3d 1426, 1428 (8th Cir. 1994). The Bank argues that Roberts has an

interest in this action because his liability to the Bank will be affected if the Court determines there was a conversion of property. Plaintiff contends Roberts is not a necessary party because he claims no ownership interest in the recording equipment or the Masters. Plaintiff also asserts the Bank cannot establish it had a lien or security interest in the property or that it belonged to Roberts.

The Court finds the Bank fails to meet its burden to establish that the parties cannot be afforded complete relief absent the joinder of Roberts or that Roberts claims an interest relating to the alleged copyrighted material or that the Bank would suffer inconsistent obligations in the absence of Roberts.

## Conclusion

IT IS THEREFORE ORDERED that the motion to dismiss filed by the Bank [docket entry 5] is denied.

DATED this 26th day of September, 2012.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE