IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

| | | |
|---|---|---|
| DAVID LYNN JONES, Individually, and d/b/a SKUNK DEVILLE MUSIC., | * * * | |
| Plaintiff, | * * | |
| vs. | * * | No. 1:12CV00052-SWW |
| WEST PLAINS BANK AND TRUST COMPANY and ROGER THOMPSON, | * * * | |
| Defendants. | * | |

**Opinion and Order**

Before the Court is plaintiff's motion for reconsideration of the Court's Order of March 26, 2014, dismissing plaintiff's claims of copyright infringement. Defendants responded in opposition to the motion and plaintiff filed a reply to the response. After careful consideration, and for the reasons set out below, the Court finds the motion should be denied.

**I.**

In 2009 or 2010, Plaintiff David Lynn Jones ("Jones") provided analog source tapes containing original musical compositions of music and lyrics to Bobby Roberts to convert to digital format. Roberts had a recording studio in a building which he bought with a loan from separate defendant West Plains Bank and Trust Company ("the Bank"). In 2011, after Roberts failed to make payments, the Bank foreclosed on the loan, removed property from Roberts's building, and sold the contents of the studio, including the tapes and some recording equipment, to separate defendant Roger Thompson ("Thompson"). Jones alleges he informed the Bank that he, not Roberts, owned the tapes and recording equipment, and when the Bank refused to return the tapes and equipment to him, Jones filed a complaint alleging copyright infringement, conversion, and destruction.

The Court granted defendants' motion to dismiss plaintiff's copyright infringement claims on the basis that Jones had not registered the copyrights prior to filing his complaint. Jones moves for reconsideration because he had registered copyrights of musical compositions (" PA Registrations") of three of the songs on the tapes and those registrations had been included with his complaint. Additionally, Jones now has a registered copyright in the sound recordings ("SR Registration").

Jones argues that because he had PA Registrations at the time he filed his complaint, the Court erred in dismissing his copyright claim. Further, Jones asserts that the SR Registration he recently obtained on the sound recordings relates back to permit suits for infringement for violations that occurred prior to the registration of the work. Jones complains that he was unable to obtain the SR Registration until March 31, 2014, because defendants had control of the tapes. Once defendants provided him with a copy of the tapes, Jones obtained the registration.

In response, defendants argue the Court's dismissal of the copyright claim was proper because the only exclusive right protected by a PA Registration is the right to perform the work publicly and Jones alleges no facts that show defendants publicly performed the musical compositions for which Jones had registrations. Defendants further argue that because the SR Registration occurred after the suit was initiated, dismissal is appropriate because registration is a condition to copyright infringement litigation. In reply, Jones asserts that the Copyright Act protects more than just the right to perform a musical composition and that the Bank violated his exclusive rights by its unlicensed sale of a copy of an unpublished copyrighted work, the registered musical compositions, and by the unlicensed sale of a phonorecord of the copyrighted but unregistered sound recordings. He contends Thompson violated the Copyright Act by interfering with his exclusive

right to make copies of the sound recordings and derivative works of the compositions in the form of phonorecords and to distribute those works.

## II.

"Although a copyright exists automatically as soon as a work is fixed in a tangible medium, 17 U.S.C. § 102(a), litigation to enforce a copyright is permissible only after it has been registered. 17 U.S.C. § 411(a)." *Neri v. Monroe*, 726 F.3d 989, 990 (7th Cir. 2013). Jones did not register the sound recordings prior to filing his complaint. He argues, however, that the Court has the inherent power to apply equitable estoppel, equitable tolling, and to permit the relation-back of the copyright registration of the sound recordings. He bases this argument on *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154 (2010), in which the Supreme Court ruled that while the registration requirement is a precondition of filing a claim, the requirement does not circumscribe a federal court's subject matter jurisdiction. *Alicea v. Machete Music*, 744 F.3d 773, 778-79 (1st Cir. 2014). The Supreme Court said:

> First, and most significantly, § 411(a) expressly allows courts to adjudicate infringement claims involving unregistered works in three circumstances: where the work is not a U.S. work, where the infringement claim concerns rights of attribution and integrity under § 106A, or where the holder attempted to register the work and registration was refused. Separately, § 411(c) permits courts to adjudicate infringement actions over certain kinds of unregistered works where the author "declare[s] an intention to secure copyright in the work" and "makes registration for the work, if required by subsection (a), within three months after [the work's] first transmission." 17 U.S.C. § 411(c)(1)-(2). It would be at least unusual to ascribe jurisdictional significance to a condition subject to these sorts of exceptions.

*Reed Elsevier, Inc*, 559 U.S. at 165. The Court declines to waive the registration filing requirement in the circumstances of the case before the Court. Jones's recourse, the Court believes, is to move for leave to amend. Even if Jones were allowed to amend his complaint to add the sounding recordings, however, the Court finds his allegations fail to state a claim under the Copyright Act.


right to make copies of the sound recordings and derivative works of the compositions in the form of phonorecords and to distribute those works.

## II.

"Although a copyright exists automatically as soon as a work is fixed in a tangible medium, 17 U.S.C. § 102(a), litigation to enforce a copyright is permissible only after it has been registered. 17 U.S.C. § 411(a)." *Neri v. Monroe*, 726 F.3d 989, 990 (7th Cir. 2013). Jones did not register the sound recordings prior to filing his complaint. He argues, however, that the Court has the inherent power to apply equitable estoppel, equitable tolling, and to permit the relation-back of the copyright registration of the sound recordings. He bases this argument on *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154 (2010), in which the Supreme Court ruled that while the registration requirement is a precondition of filing a claim, the requirement does not circumscribe a federal court's subject matter jurisdiction. *Alicea v. Machete Music*, 744 F.3d 773, 778-79 (1st Cir. 2014). The Supreme Court said:

> First, and most significantly, § 411(a) expressly allows courts to adjudicate infringement claims involving unregistered works in three circumstances: where the work is not a U.S. work, where the infringement claim concerns rights of attribution and integrity under § 106A, or where the holder attempted to register the work and registration was refused. Separately, § 411(c) permits courts to adjudicate infringement actions over certain kinds of unregistered works where the author "declare[s] an intention to secure copyright in the work" and "makes registration for the work, if required by subsection (a), within three months after [the work's] first transmission." 17 U.S.C. § 411(c)(1)-(2). It would be at least unusual to ascribe jurisdictional significance to a condition subject to these sorts of exceptions.

*Reed Elsevier, Inc*, 559 U.S. at 165. The Court declines to waive the registration filing requirement in the circumstances of the case before the Court. Jones's recourse, the Court believes, is to move for leave to amend. Even if Jones were allowed to amend his complaint to add the sounding recordings, however, the Court finds his allegations fail to state a claim under the Copyright Act.

> The Copyright Act gives the copyright owner the exclusive rights to do any of the following:
>
> (1) to reproduce the copyrighted work in copies or phonorecords:
> (2) to prepare derivative works based upon the copyrighted work;
> (3) to distribute copies or phonorecords of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending;
> (4) in the case of literary, musical, dramatic, and choreographic works, pantomimes, and motion pictures and other audiovisual works, to perform the copyrighted work publicly;
> (5) in the case of literary, musical, dramatic, and choreographic works, pantomimes, and pictorial, graphic, or sculptural works, including the individual images of a motion picture or other audiovisual work, to display the copyrighted work publicly; and
> (6) in the case of sound recordings, to perform the copyrighted work publicly by means of a digital audio transmission.

17 U.S.C. § 106.  "'Anyone who violates any of the exclusive rights of the copyright owner,'" that is, anyone who trespasses into his exclusive domain by using or authorizing the use of the copyrighted work in one of the five ways set forth in the statute, 'is an infringer of the copyright.'" *Sony Corp. of America v. Universal City Studios, Inc.*, 464 U.S. 417, 433 (1984)(quoting 17 U.S.C. § 501(a)).

"To establish infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.,* 499 U.S. 340. 361 (1991).  There is no dispute that the Bank sold the tapes to Thompson.  Thompson continues to possess the tapes.[1]  There is no allegation that defendants reproduced, or copied, the original musical compositions of music and lyrics in the form of sound recordings.  The Court is not persuaded by Jones's argument that Thompson's possession of the

---

[1] Defendants provided Jones with a copy of the recordings to enable him to submit the required deposit material for the SR Registration to issue.

tapes interfered with his exclusive rights under the Copyright Act. The necessary element of copying is missing.

### III.

IT IS THEREFORE ORDERED that plaintiff's motion for reconsideration [ECF No. 131] is denied.

DATED this 27th day of August, 2014.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE