IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

DAVID LYNN JONES, Individually, and  \*
d/b/a SKUNK DEVILLE MUSIC.,          \*
                                     \*
        Plaintiff,              \*
                                     \*
vs.                                  \*   No. 1:12CV00052-SWW
                                     \*
WEST PLAINS BANK AND TRUST           \*
COMPANY and ROGER THOMPSON,          \*
                                     \*
        Defendants.             \*

**Opinion and Order**

During a telephone conference with the parties in this matter on December 16, 2014, plaintiff moved the Court to certify the Court's Orders of August 27, 2014, and December 2, 2014, as appealable under Federal Rule of Civil Procedure 54(b) or, in the alternative, for a order enabling an appeal pursuant to 28 U.S.C. § 1292(b). Defendants voiced no objection. For the reasons stated below, the Court grants the motion.

**Background**

Plaintiff David Lynn Jones is a singer and songwriter who lives in Hardy, Arkansas. He alleges that he owns recording tapes that were being mixed by Bobby Roberts in a building in West Plains, Missouri, using recording equipment also owned by Jones. When Roberts defaulted on a loan he had with West Plains Bank and Trust Company ("the Bank"), the Bank seized possession of the disputed property in September 2011. Later, Roger Thompson purchased the tapes and recording equipment at a personal property sale. Mr. Jones claims that he informed the Bank that the recording equipment and tapes belonged to him, not Roberts, and demanded that the Bank return the property to him. When the Bank refused, Jones sued the Bank and Thompson for copyright infringement and conversion. Later the Bank offered to return the tapes and equipment to Jones, but he refused to accept them.

Plaintiff claims defendants infringed his copyright by their possession and refusal to return the recording tapes. In an Order dated March 26, 2014, the Court dismissed Jones's copyright infringement claim, and on August 27, 2014, denied Jones's motion for reconsideration. In an Order dated December 2, 2014, the Court determined that the measure of damages for Jones's conversion claim would be the difference between the value of the property at the time of the conversion and the value of the property at the time of return to Jones plus any interest on any royalties that would have been earned but for the wrongful act. Plaintiff now seeks entry of immediate judgment or alternatively, a certification for an interlocutory appeal on the copyright claim and a certification for an interlocutory appeal on the issue of damages for the alleged conversion. If the Court is correct that Jones has no copyright claim and that his measure of damages for conversion are limited as stated above, Jones's potential damage award is so minimal that the matter likely would be ended without going to the expense of a trial.

**Discussion**

When deciding whether to grant Rule 54(b) certification, the court undertakes a two-step analysis. *Williams v. County of Dakota, Neb.*, 687 F.3d 1064, 1067 (8th Cir. 2012). First, the Court must "determine that it is dealing with a final judgment . . . in the sense that it is an ultimate disposition of an individual claim. Second, '[i]n determining that there is no just reason for delay, the district court must consider both the equities of the situation and judicial administrative interests, particularly the interest in preventing piecemeal appeals.' 'Certification should be granted only if there exists 'some danger of hardship or injustice through delay which would be alleviated by immediate appeal." *Id.* at (citations omitted).

Some of the relevant factors in determining whether there is a just reason for delay are:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future

>   developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in setoff against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*Hayden v. McDonald*, 719 F.2d 266, 269 (8th Cir.1983)(quoting *Allis-Chalmers Corp. v. Philadelphia Elec. Co.*, 521 F.2d 360, 364 (3rd Cir. 1975).

The Court dismissed Jones's copyright infringement claim. Because Jones's damages are based significantly on statutory damages for copyright infringement, an immediate appeal of the copyright infringement claim would serve the needs of the parties. If the Court of Appeals should determine the facts fail to establish a claim of copyright infringement, it is highly unlikely that this case will proceed to trial.[1]

The Court finds no just reason for delaying the entry of judgment under Rule 54(b). The Court will certify the dismissal of the copyright claim as final and direct entry of judgment on that claim.

Title 28 U.S.C. § 1292(b) permits a district court to certify an order for determination on interlocutory appeal if it finds that the order from which an appeal is sought involves a controlling question of law as to which there is a substantial ground for difference of opinion and an immediate appeal may materially advance the ultimate termination of the litigation. "A motion for certification must be granted sparingly, and the movant bears the heavy burden of demonstrating that the case is an exceptional one in which immediate appeal is warranted." *White v. Nix*, 43 F.3d 374, 376 (8th Cir.

---

[1] The Court has not dismissed Jones's conversion claim so technically it is not eligible for a Rule 54(b) certification. However, based on the record before the Court, it is highly questionable whether Jones can establish damages under the measure of damages calculation this Court determines is appropriate.

1994). It is within the trial court's discretion to grant or deny a motion for interlocutory appeal, and also within the discretion of the court of appeals to certify the appeal. *Id.*

The Court finds the requirements of § 1292(b) have been met. The issue of the proper measure of damages, if the converted property is copyrighted material, involves a controlling question of law as to which there is substantial ground for difference of opinion. Resolution of the issue would advance the ultimate termination of this litigation. As stated previously, Jones's potential damages under the Court's ruling would be minimal at best.

### Conclusion

IT IS HEREBY ORDERED that plaintiff's verbal motion for order under Fed.R.Civ.P. 54(b) entering final judgment on his copyright infringement claim is granted. The Court will enter a final judgment in favor of defendants dismissing with prejudice the copyright infringement claim.

IT IS FURTHER ORDERED that plaintiff's verbal motion for certification of the damages issue under 28 U.S.C. § 1292(b) is granted. The Court's December 2, 2014 Order is **amended** to certify under 28 U.S.C. § 1292 (b) that it involves a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal from the Order may materially advance the ultimate termination of this litigation.

DATED this 5th day of February, 2015.

/s/Susan Webber Wright
United States District Judge