## COURT'S INSTRUCTION NO. 1

Members of the jury, the instructions I gave at the beginning of the trial and during the trial are still in effect. Now I am going to give you some additional instructions.

All instructions--those I give you now and those I gave your earlier--are equally important and you must follow them all.

You will have copies of the instructions I am about to give you now in the jury room. Remember, you have to follow all instructions, no matter when I give them, whether or not you have written copies.

Your duty is to decide what the facts are from the evidence. You are allowed to consider the evidence in the light of your own observations and experiences. After you have decided what the facts are, you will have to apply those facts to the law that I give you in these instructions. That is how you will reach your verdict. Only you will decide what the facts are. However, you must follow my instructions, whether you agree with them or not. You have taken an oath to follow the law that I give you in my instructions.

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness says, or only part of it, or none of it.

In deciding what testimony to believe, consider the witnesses' intelligence, their opportunity to have seen or heard the things they testify about, their memories, any reasons they might have to testify a certain way, how they act while testifying, whether they said something different at another time, whether their testimony is generally reasonable, and how consistent their testimony is with other evidence that you believe.

Do not let sympathy, or your own likes or dislikes, influence you. The law requires you

to come to a just verdict based only on the evidence, your common sense, and the law that I give you in my instructions, and nothing else.

You should not take anything I have said or done during the trial as indicating what I think of the evidence or what I think your verdict should be.

## COURT'S INSTRUCTION NO. 2

I have mentioned the word "evidence." Evidence includes the testimony of witnesses, documents, and other things received as exhibits.

Certain things are not evidence. I will list those things for you now:

1. Statements, arguments, questions, and comments by lawyers are not evidence.

2. Exhibits that are identified by a party but not offered or received in evidence are not evidence.

3. Objections are not evidence. Lawyers have a right and sometimes an obligation to object when they believe something is improper. You should not be influenced by the objection. If I have sustained an objection to a question, you must ignore the question and must not try to guess what the answer might have been.

4. Anything you saw or heard about this case outside the courtroom is not evidence.

Finally, some of you may have heard the terms "direct evidence" and "circumstantial evidence." You are instructed that you should not be concerned with these terms, since the law makes no distinction between the weight to be given to direct and circumstantial evidence.

## COURT'S INSTRUCTION NO. 3

In these instructions you are told that your verdict depends on whether you find certain facts have been proved. The burden of proving a fact is upon the party whose claim depends upon that fact. The party who has the burden of proving a fact must prove it by the preponderance of the evidence. To prove something by the preponderance of the evidence is to prove that it is more likely true than not true. It is determined by considering all of the evidence and deciding which evidence is more believable. If, on any issue in the case, the evidence is equally balanced, you cannot find that the issue has been proved.

The preponderance of the evidence is not necessarily determined by the greater number of witnesses or exhibits a party has presented.

You may have heard the term "proof beyond a reasonable doubt." That is a stricter standard which applies in criminal cases. It does not apply in civil cases such as this. You should, therefore, put it out of your minds.

## COURT'S INSTRUCTION NO. 4

Plaintiff David Lynn Jones claims damages from Defendant West Plains Bank for conversion of an Otari tape recorder and analog tapes. Plaintiff has the burden of proving each of four essential propositions:

*First*, Plaintiff was the owner of the Otari tape recorder and analog tapes,

*Second*, Defendant had possession of the Otari tape recorder and analog tapes,

*Third*, Plaintiff made a demand to Defendant for possession of the Otari tape recorder and analog tapes, and

*Fourth*, thereafter Defendant intentionally failed to return possession of the Otari tape recorder and analog tapes to Plaintiff.

Unless you find that Defendant is entitled to a verdict under Court's Instruction No. 5, your verdict must be for Plaintiff and against Defendant if you find that each of the foregoing elements has been proved. If, however, you find that any of the above elements has not been proved, then your verdict must be for Defendant.

Generally, a defendant's good faith, motive, lack of knowledge or mistake of law is no defense to a conversion action.

## COURT'S INSTRUCTION NO. 5

Defendant West Plains Bank claims and has the burden to prove that Plaintiff David Lynn Jones abandoned the Otari tape recorder and analog tapes at issue in this case. Your verdict must be for Defendant on Plaintiff's conversion claim if you find that the following elements have been proved:

*First*, Plaintiff transferred the possession of the Otari tape recorder and analog tapes to Bobby Roberts in 2009.

*Second*, Plaintiff intended to abandon the Otari tape recorder and analog tapes.

## COURT'S INSTRUCTION NO. 6

If you find in favor of Plaintiff David Lynn Jones, then you must award him such sum as you find from the preponderance of the evidence will fairly and justly compensate him for damages you find that he sustained as a direct result of Defendant West Plain's Bank wrongful conduct. You should consider the following elements of damages:

(1) A reasonable amount for Plaintiff's loss of use of the Otari tape recorder and analog tapes during the period from July 27, 2011 to March 5, 2014, and

(2) Any damage to the Otari tape recorder or the analog tapes while in the possession of West Plains Bank, Mr. Roger Thompson, or West Plains Bank's lawyer.

If you find that Plaintiff has failed to prove such damages, or if you cannot ascertain the amount from the evidence, Plaintiff is nevertheless entitled to recover, and you should award him nominal damages.

Remember, throughout your deliberations, you must not engage in any speculation, guess, or conjecture and you must not award damages under this Instruction by way of punishment or through sympathy.

Each party has a duty to mitigate damages.

## COURT'S INSTRUCTION NO. 7

If you find in favor of Plaintiff, and if you believe the conduct of Defendant as submitted in Court's Instruction No. 4 was outrageous because of Defendant's evil motive or reckless indifference to the rights of others, then in addition to any damages to which you find Plaintiff entitled under Court's Instruction No. 6, you may award Plaintiff an additional amount as punitive damages in such sum as you believe will serve to punish Defendant and to deter Defendant and others from like conduct.

Punitive damages must be proven by clear and convincing evidence. Clear and convincing evidence is proof that enables you without hesitation to reach a firm conviction that the allegation is true.

## COURT'S INSTRUCTION NO. 8

In conducting your deliberations and returning your verdict, there are certain rules you must follow.

*First*, when you go to the jury room, you must select one of your members as your foreperson. That person will preside over your discussions and speak for you here in court.

*Second*, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement if you can do so without violence to individual judgment, because a verdict must be unanimous.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict. Remember at all times that you are not partisans. You are judges -- judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

*Third*, if you need to communicate with me during your deliberations, you may send a note to me through the marshal or bailiff, signed by one or more jurors. I will respond as soon as possible either in writing or orally in open court. Remember that you should not tell anyone -- including me -- how your votes stand numerically.

*Fourth*, your verdict must be based solely on the evidence and on the law which I have given to you in my instructions. The verdict must be unanimous. Nothing I have said or done is

intended to suggest what your verdict should be -- that is entirely for you to decide.

*Finally*, the verdict form is simply the written notice of the decision that you reach in this case. [The form reads: (read form)]. You will take this form to the jury room, and when each of you has agreed on the verdicts, your foreperson will fill in the form, sign and date it, and advise the marshal or bailiff that you are ready to return to the courtroom.