**IN THE UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| DAVID LYNN JONES | * | |
|     PLAINTIFF | * | |
| | * | |
| V. | * | |
| | * | CASE NO. 1:12CV00052 SWW |
| | * | |
| WEST PLAINS BANK AND TRUST COMPANY | * | |
| | * | |
|     DEFENDANT | * | |

## ORDER

Before the Court is a joint motion [ECF No. 268] by Plaintiff David Lynn Jones ("Jones") and Defendant West Plains Bank ("West Plains"), asking the Court to dismiss this case with prejudice and to retain jurisdiction to enforce the parties' settlement agreement. After careful consideration, and for reasons that follow, the motion is denied.

Jones brought this action against West Plains and Roger Thompson, charging copyright infringement and conversion. The Court granted Defendants' motion to dismiss Jones's copyright claims, and the conversion claims proceeded to trial. At the conclusion of day two of the trial, the Court dismissed, as a matter of law and with the agreement of the parties, Jones's claim against Thompson. On March 10, 2017, the jury returned a verdict in Jones's favor on his conversion claim against West Plains, awarding him $600,000 in compensatory damages and $1,500,000 in punitive damages. On March

15, 2017, the Court entered a final judgment on the jury verdict, and on August 14, 2017, the Court entered an order denying West Plains's post judgment motions.

In support of their present motion, the parties state that they have settled all matters in this case, and they ask the Court to dismiss the case with prejudice and retain jurisdiction for the purpose of enforcing the settlement agreement. This Court lacks the inherent power to enforce the parties' settlement agreement. Unless an agreement settling a case is made part of a dismissal order, either by a provision retaining jurisdiction to enforce the agreement or by incorporating the terms of the agreement into the order, "enforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction." *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 381, 14 S. Ct. 1673, 1677 (1994). Here, the Court lacks jurisdiction to enforce the parties' post-judgment settlement agreement.

IT IS THEREFORE ORDERED that the joint motion [ECF No 268] is DENIED.

IT IS SO ORDERED THIS 27TH DAY OF SEPTEMBER, 2017.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE